IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT SALISBURY and TIFFANY SALISBURY | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | Case No. 4:12cv96 |
| FEDERAL HOME LOAN MORTGAGE CORPORATION and BANK OF AMERICA, N.A. | § § § § § | |
| Defendants. | § § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendants' Motion to Dismiss (Dkt. 7). As set forth below, the Court finds that the motion should be GRANTED and that this matter be dismissed for failure to state a claim.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case involves foreclosure proceedings on a property located at 13085 Minnow Way in Frisco, Texas. Plaintiffs Robert and Tiffany Salisbury filed their Original Petition in the 417th Judicial District Court of Collin County Texas on January 18, 2012. Plaintiffs' petition asserts the following claims against Defendants Federal Home Loan Mortgage Corporation and Bank of America, N.A.: (1) violation of Texas Property Code 51.002 and 51.0025(2); (2) constructive fraud; (3) negligence; (4) negligent misrepresentation; (5) violation of the Texas Finance Code; and (6) violation of the Texas Debt Collection Act. *See* Dkt. 4. Plaintiffs' petition also seeks declaratory

1

judgment, injunctive relief, damages and attorney's fees. *Id.* In essence, Plaintiffs' suit claims that Defendants have not provided documents to show that they are the actual holders of the original note on the Property and do not have authority to foreclose on the Property.

On February 17, 2012, Defendants, Federal Home Loan Mortgage Corporation, ("Freddie Mac") and Bank of America, N.A. ("Bank of America") removed the case to this Court on the basis of diversity jurisdiction. On February 24, 2012, Defendants filed their motion to dismiss. Defendants' motion argues that Plaintiffs' claims should be dismissed in their entirety because: (1) Bank of America had the authority to enforce the Note and Deed of Trust on the Property; (2) Plaintiffs' fraud, negligence and negligent misrepresentation claims are barred by the economic loss doctrine; (3) Plaintiffs fail to state a claim to quiet title; and (4) Plaintiffs are not entitled to declaratory or injunctive relief.

### STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the complaint and view them in the light most favorable to the pleader. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a claimant must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a claimant must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

Moreover, as to allegations of fraud, Rule 9(b) of the Rules of Federal Civil Procedure requires that a party alleging fraud must state with particularity the circumstances constituting the fraud. FED. R. CIV. P. 9(b).

## ANALYSIS

First, Defendant argues that Bank of America had authority to enforce the Note and Deed of Trust. The Court agrees. Based on the documents before the Court, it appears that MERS assigned the Deed of Trust to Bank of America and was authorized to do so.

According to Defendants' motion and the attached exhibits, Plaintiffs obtained a loan in the amount of $207,511 in October 2007 for the Property. In conjunction with the mortgage loan,

3

Plaintiffs executed both a Note and Deed of Trust. The original Note and Deed of Trust list Plaintiffs as Borrowers and Countrywide Bank, FSB as Lender. *See* Dkts. 7-1; 7-2. On September 14, 2011, the Deed of Trust was assigned by Countrywide Bank, FSB to Bank of America, N.A. *See* Dkt. 7-3. It appears that document was filed in Collin County, Texas records on September 29, 2011. *Id.*[1]

The Deed of Trust here provides:

TRANSFER OF RIGHTS IN THE PROPERTY
The beneficiary of this Security Instrument is MERS (solely as nominee for
Lender and Lender's successors and assigns) and the successors and assigns of
MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan,
and all renewals, extensions and modifications of the Note; (ii) the performance of
Borrower's covenants and agreements under this Security Instrument and the
Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in
trust, with power of sale, the following described Property located in, the County
of Collin:

Dkt. 7-2 at 3.

Under the Texas Property Code, a mortgagee may authorize a mortgage servicer to service a mortgage and conduct a foreclosure sale. *See* TEX. PROP. CODE. ANN. § 51.0025. Here, the

---

[1] A district court may consider documents attached to a motion to dismiss if the documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Scanlan v. Texas A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); *see also Causey v. Sewell Cadillac-Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004). The Fifth Circuit has also held that courts are permitted to refer to matters of public record when deciding a motion to dismiss under Rule 12(b)(6). *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1996). "[T]aking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment." *Motten v. Chase Home Fin.*, 2001 WL 2566092 at *2 (S.D. Tex. 2011) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011). The Court agrees with Defendants that the Deed of Trust, Note and Assignment – attached to the motion to dismiss – are referred to in Plaintiffs' complaint and central to their claims. Therefore, it has considered them here.

mortgage documents identify MERS as the beneficiary and the nominee for the original lender and its successors and assigns. Thus, MERS is a mortgagee under the Texas Property Code. *See* TEX. PROP. CODE ANN. § 51.0001(4). *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, 3 (E.D. Tex. 2011). Various opinions within the Fifth Circuit have addressed the validity of such assignments, and, without any factual distinctions by Plaintiffs here, the Court declines to re-plow well harvested ground. *See, e.g., Richardson v. CitiMortgage, Inc.*, 2010 WL 4818556, at *5 (E.D. Tex. 2010) (rejecting the plaintiffs attack on MERS, and noting that "[u]nder Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale, then MERS has the power of sale") (*citing Athey v. MERS,* 314 S.W.3d 161, 166 (Tex. App. Eastland 2010)); *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, at *3-4 (E.D. Tex. Jun. 10, 2011); *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *1-2 (E.D. Tex. Mar. 24, 2011); *see also Santarose v. Aurora Bank FSB,* 2010 WL 2232819, at *5 (S.D. Tex. Jun. 2, 2010) (rejecting the argument that MERS lacked standing to foreclose and was not a real party in interest); *Wiggington v. Bank of New York Mellon*, 2011 WL 2669071, at *3 (N.D. Tex. Jul. 7, 2011). "[A] transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions." *DeFranchesci v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. Aug. 31, 2011). "Because the deed of trust specifically provided that MERS would have the power of sale, MERS had the power of sale that was passed to U.S. Bank upon MERS's assignment." *Id.* (quoting *Richardson*, 2010 WL 4818556, at *5). In short, the documents before the Court set forth Bank of America's authority to enforce the Note and Deed of Trust.

Therefore, because the documents at issue clearly show that Defendant BOA was the lawful holder of the Note pursuant to a valid assignment, Plaintiffs cannot state any claims based on a failure to provide evidence of the assignment and their claims under the Texas Property Code, the Texas Debt Collection Act and the Texas Finance Code should be dismissed.

Next, Defendants argue that Plaintiffs' fraud, negligence and negligent misrepresentation claims are barred by the economic loss doctrine. The economic loss doctrine has been applied consistently to bar claims for negligence and other tort claims when the parties' relationship and its attendant duties arise from a contract. *See Southwestern Bell Tel. Co. v. Delanney* 809 S.W.2d 493, 494-95 (Tex. 1991) ("if the defendant's conduct . . . would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract," and affirming dismissal of negligence claims based on breach of contractual duty); *see also Hugh Symons Group v. Motorola, Inc.,* 292 F.3d 466, 470 (5th Cir.2002) (citing *Haase v. Glazner,* 62 S.W.3d 795, 799 (Tex.2002)) (a plaintiff generally "may not recover in tort for claims arising out of an unenforceable contract under the statute of frauds."). Thus, "if the defendant's conduct ... would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claims may also sound in tort." *Delanney* 809 S.W.2d at 494. If, however, "the defendant's conduct ... would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim sounds only in contract." *Id.* In order to recover for a tort claim, a plaintiff must show an injury independent from the subject matter of the contract. *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.,* 973 S.W.2d 662, 663–64 (Tex. 1998) (per curiam); *see also Narvaez v. Wilshire Credit Corp.*, 757 F. Supp.2d 621, 634 (N.D. Tex. 2010).

Here, the Court finds that Plaintiffs have not alleged any facts in support of their tort claims that would give rise to independent liability separate and apart from the mortgage agreement at issue. Indeed Plaintiffs' constructive fraud allegations claim that Defendants failed to provide an accurate accounting "in the form and manner required by the contractual relationship of the partied [sic] and by other law." Dkt. 4 at ¶17. They are simply not alleged in any distinct way.

Moreover, Plaintiffs have not sufficiently stated what misrepresentations or false statements form the basis of their allegations of fraud and negligent misrepresentation. Under Texas law, a claimant alleging negligent misrepresentation must show the following: (1) the representation is made by a defendant in the course of his business, or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers a pecuniary loss by justifiably relying on the representation. *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 734 (N.D. Tex. Feb. 10, 2011) (quoting *Federal Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)) (internal quotations omitted). Under Rule 9, Plaintiffs must identify any claims of fraud or false information with specificity and they have not done so here. *See* FED. R. CIV. P. 9. Therefore, the Court finds that Plaintiffs' fraud, negligence and negligent misrepresentation claims – which have not been sufficiently alleged as anything distinct from their contractual relationship with Defendants – are barred by the economic loss doctrine and should be dismissed.

Next, Defendants argue that Plaintiffs fail to state a claim to quiet title. The Court agrees.

Although the title of Plaintiffs' petition seeks to quiet title, Plaintiffs have not clearly set forth a claim to quiet title in the body of their petition. Indeed, Plaintiffs have not alleged any facts that would show superiority of title. Plaintiff asserting a trespass-to-try-title action must establish: (1) a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (citation omitted). "The pleading rules are detailed and formal, and require a plaintiff to prevail on the superiority of his title, not on the weakness of a defendant's title." *Id.*

Next, Defendants argue that Plaintiffs' claims for injunctive and declaratory relief are remedies and cannot stand as independent claims.

When a declaratory judgment action filed in state court is removed to federal court, that action is, in effect, converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. The federal Declaratory Judgment Act states, "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Federal courts have broad discretion to grant or refuse declaratory judgment. *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The Declaratory Judgment Act is "an authorization, not a command." *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112

8

(1962). It gives federal courts the competence to declare rights, but does not impose a duty to do so. *Id.*

The Declaratory Judgment Act is a procedural device that creates no substantive rights and requires the existence of a justiciable controversy. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-241 (1937); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir. 1984). Thus, the Act provides no relief unless there is a justiciable controversy between the parties. The Fifth Circuit stated as follows:

> In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties. The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury. Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects. To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future. Similar reasoning has been applied to suits for declaratory judgments.

*Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citations and quotations omitted).

In their response to the Motion to Dismiss, Plaintiffs argue "The Plaintiffs requests [sic] that the court declare that any attempt to foreclose pursuant to the Texas Property Code 51.001 et seq. Is an action to collect a debt and therefore the Defendants must produce the one and only Original Promissory Note Signed by the Plaintiff for inspection by the Plaintiff and or his document examiner." Dkt. 11 at ¶11. Despite Plaintiffs' request, as this Court has recently noted, courts in

9

Texas have repeatedly recognized that Texas law allows either a mortgagee or a mortgage servicer to administer a deed of trust foreclosure without production of the original note. *Adams v. Bank of America*, 2011 WL 5080217, 5 (E.D. Tex. 2011) (*citing Wells v. BAC Home Loans Servicing, L.P.,* 2011 WL 2163987, at *3 (W.D. Tex. 2011); *Coleman v. Bank of America, N.A.,* 2011 WL 2516169, at *2 (N.D. Tex. 2011); *Dillard v. Mortg. Elec. Registration Sys., Inc.,* No. 3–10–CV–0091–N, slip op. at 4 n. 1 (N.D. Tex. Apr. 16, 2010), appeal dism'd, No. 11–10069 (5th Cir. Apr. 21, 2011); *Sawyer,* 2010 WL 996768, at *3 (N.D. Tex. 2010); *Athey v. Mortgage Elec. Registration Sys., Inc.,* 314 S.W.3d 161, 165–66 (Tex. App.-Eastland 2010, pet. denied); Tex. Prop. Code § 51.002(a)-(h) (setting forth requirements for non-judicial foreclosure in Texas, which do not include producing original note). Therefore, Plaintiff's request does not constitute a justiciable controversy.

Because the Court has found that Plaintiffs have failed to state any other substantive claims, there is no continuing justiciable controversy between the parties and thus the request for declaratory judgment should be dismissed.

Similarly, any claims for injunctive relief should be dismissed. To assert a request for injunctive relief, Plaintiff is required to show "a substantial likelihood of success on the merits." *DSC Comm. Corp. v. DGI Techs, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). Because the Court finds that Plaintiffs have failed to allege sufficient facts to support their claims, Plaintiffs are not entitled to injunctive relief.[2]

---

[2] The Court notes that Plaintiffs also appear to seek injunctive relief as to any future eviction or forcible detainer actions. To the extent Plaintiffs seek relief as to any suit of eviction or forcible detainer matter, no facts are alleged that would indicate such claims are ripe.

Therefore, the Court finds that Defendants' Motion to Dismiss (Dkt. 7) should be GRANTED and that this matter be dismissed for failure to state a claim.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 27th day of August, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE